# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**TERRELL VERNELL,**

    **Plaintiff,**

v.                                                                                                       **Case No. 25-cv-163**

**TIMOTHY SMITH,** *et al.*,

    **Defendants.**

---

### ORDER

---

Plaintiff Terrell Vernell, who is currently incarcerated at the John C. Burke Correctional Center, brings this lawsuit under 42 U.S.C. § 1983. (ECF No. 1.) Vernell was allowed to proceed on a Fourteenth Amendment excessive force claim and a Fourteenth Amendment claim for the defendants' failure to provide Vernell medical treatment. (ECF No. 5.) The defendants filed a motion for summary judgment on the ground that Vernell failed to exhaust his administrative remedies. (ECF No. 13.) The parties have consented to the jurisdiction of a magistrate judge. (ECF Nos. 3, 8.) The summary judgment motion is ready for a decision. For the reasons stated below, the court grants the defendants' motion for summary judgment on exhaustion grounds and this case will be dismissed.

## PRELIMINARY MATTERS

Prior to addressing the motion for summary judgement, the court must first address the defendants' motion to strike, (ECF No. 34), and Vernell's motion for reconsideration. (ECF No. 38.) The defendants seek to strike Vernell's November 7, 2025 opposition materials. (ECF No. 35.) The defendants' motion relies on the court's previous decision to deny Vernell an extension of time to file supplemental opposition materials. (*Id.* at 2.) The court's prior order provided, in relevant part, "The court will not permit him a second opportunity to oppose the defendants' motion, particularly now that the defendants have filed their reply brief, and the briefing on their motion is complete." (Text Only Order, Oct. 24, 2025.) Following this order, Vernell filed supplemental opposition materials in contradiction to the court's order. (ECF Nos. 29-32.) Now, Vernell seeks reconsideration of the court's prior order, and the defendants seek to enforce that order by striking Vernell's untimely opposition materials.

Motions for reconsideration are disfavored and rarely granted. *See Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). A motion for reconsideration "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) (citing *In Re Oil Spill*, 794 F. Supp. 261, 267 (N.D. Ill. 1992)). Rather, a motion for reconsideration serves the limited function of correcting manifest errors of law or fact or presenting newly

discovered evidence. *Id.* at 1269 (citing *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

The court denies Vernell's motion for reconsideration. Vernell has not presented any compelling reason for the court to reconsider its prior ruling. Instead, Vernall repeats his arguments about receiving ineffective assistance from another inmate and additionally argues that the court should appoint counsel to assist him going forward. Vernell's request for counsel, however, comes too late. As the court previously indicated, the defendants' motion for summary judgment was fully briefed prior to Vernell's motion for an extension of time. The court will therefore deny Vernell's motion for reconsideration. The court will accordingly grant the defendants' motion to strike because Vernell's supplemental materials were untimely. The court will disregard Vernell's supplemental opposition materials, (ECF Nos. 29-32), and will instruct the clerk to strike these filings.

**SUMMARY JUDGMENT STANDARD**

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts"

3

are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment a party cannot just rely on his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Standard*

The Prison Litigation Reform Act states in part that "[n]o action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are

4

exhausted." 42 U.S.C. §1997e(a). The exhaustion requirement gives prison officials an opportunity to resolve disputes before being hauled into court and produces a "useful administrative record" upon which the district court may rely. *See Jones v. Bock*, 549 U.S. 199, 204 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006)). The exhaustion rule also promotes efficiency because claims generally are resolved more quickly by an agency than through litigation in federal court. *Woodford*, 548 U.S. at 89. Accordingly, exhaustion must be complete before filing suit. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (finding that an inmate failed to exhaust his administrative remedies when he filed suit instead of taking his grievance to the appropriate review board).

*Relevant Procedure for Exhausting Administrative Remedies*

At the Milwaukee County Community Reintegration Center ("CRC") the grievance procedure is set forth in the Resident Handbook. (ECF No. 14 ¶ 2.) During the relevant time period, residents at the CRC could make formal complaints regarding their health, welfare, facility operations, or to address an issue of oppression or misconduct by an employee, by submitting a completed grievance form on the electronic kiosk or via the paper grievance forms that were available in each dormitory. (*Id.* ¶ 3.) Residents were made aware of the grievance process by receiving a paper copy of the resident handbook upon booking into the facility, by reviewing the resident handbook that was posted on the walls of every dormitory in the CRC, by accessing the handbook on the residents' digital tablets, or by verbal explanations given by dorm officers. (*Id.* ¶ 4.)

5

To file a grievance a prisoner needs to complete a grievance form on the kiosk. (*Id.* ¶ 7.) A prisoner may ask for assistance from an officer if he needs help. (*Id.*) If the kiosk is not in service, the prisoner must ask an officer for a paper form. (*Id.*) Paper forms are to be filed in the "designated lock box." (*Id.*) A supervisor will review the grievance "within ten (10) working days of receiving the grievance." (*Id.*) A prisoner may only file two grievances in a week pertaining to the same issue. (*Id.*) Once the prisoner is given a decision, he has three days in which to appeal. (*Id.*) The appeal is sent to the shift captain. (*Id.*) This appeal step is mandatory and is the final step of the CRC's grievance procedure. (*Id.* ¶ 15.)

*Vernell's Claims and Attempts to Exhaust his Administrative Remedies*

Vernell did not respond to the defendants' proposed findings of fact. The court therefore considers these facts as undisputed for the purposes of this motion. *See* Fed. R. Civ. P. 56(e)(2). Vernell was allowed to proceed on a Fourteenth Amendment excessive force claim against Defendant Smith and a Fourteenth Amendment claim against Defendants Davis-Moore, Snowden, and Owten for their failure to medically treat Vernell afterwards. (ECF No. 5.)

Vernell had full access to the grievance process at the CRC during the relevant time period. (ECF No. 14 ¶ 17.) On July 28, 2023, Vernell filed a grievance about Defendant Smith's actions related to the claims in this case. (*Id.* ¶ 19.) Prison staff responded to this grievance on August 12, 2023, and at that time Vernell would have been able to view the response and file an appeal. (*Id.* ¶ 20.) Vernell did not appeal

6

the response to this grievance, and he did not file any other grievances against Defendant Smith about his July 16, 2023 actions. (*Id.* ¶¶ 21, 22.)

On July 30, 2023, Vernell filed a grievance related to the claims in this case against Defendant Snowden. (*Id.* ¶ 23.) Prison staff responded to this grievance on August 12, 2023, and at that time Vernell would have been able to view the response and file an appeal. (*Id.* ¶ 24.) Vernell did not appeal the response to this grievance, and he did not file any other grievances against Defendant Snowden about his July 16, 2023 actions. (*Id.* ¶¶ 25, 26.)

On July 31, 2023, Vernell filed a grievance related to the claims in this case against Defendant Owten. (*Id.* ¶ 27.) Prison staff responded to this grievance on August 12, 2023, and at that time Vernell would have been able to view the response and file an appeal. (*Id.* ¶ 28.) Vernell did not appeal the response to this grievance, and he did not file any other grievances against Defendant Owten about his July 16, 2023, actions. (*Id.* ¶¶ 29, 30.)

On October 9, 2023, Vernell filed a grievance about a discussion Defendant Davis-Moore had with Lieutenant Ramos. (*Id.* ¶ 31.) Prison staff responded to this grievance and Vernell did not appeal. (*Id.* ¶ 32.) Vernell did not file any other grievances against Defendant Davis-Moore about her July 16, 2023 actions. (*Id.* ¶ 33.)

Vernell's brief in opposition argues that he did appeal the responses he received to the above-mentioned grievances. (ECF No. 21 at 2.) Vernell provides that he gave his appeal to Sergeant Robinson but that the appeal was never turned in. (*Id.*) Vernell cites to one of the defendants' exhibits showing that he filed an inmate

7

grievance about Sergeant Robinson purposefully not submitting a grievance about Correctional Officer Wilson. (*See* ECF No. 16-3 at 1). Vernell believes he is not responsible for failing to appeal his grievances because he trusted prison staff to follow the rules and file his appeal. (ECF No. 21 at 2.)

*Analysis*

It is undisputed that Vernell did not file appeals for the relevant inmate complaint regarding the claims in this case. Vernell, though, essentially argues that the grievance process was unavailable to him because Sergeant Robinson failed to file his appeal.

The Seventh Circuit Court of Appeals "has taken a strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). A prisoner is required to "properly use the prison's grievance process prior to filing a case in federal court." *Id.* "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). An inmate can overcome his failure to exhaust his administrative remedies only where he can demonstrate that the grievance process was unavailable to him. *Ramirez v. Young*, 906 F.3d 530, 538 (7th Cir. 2018). An inmate can show that a grievance process was unavailable when "(1) prison officials are 'consistently unwilling to provide any relief to aggrieved inmates'; (2) the administrative scheme is 'so opaque that it becomes, practically speaking, incapable of use;' or (3) prison administrators take affirmative action to thwart use

of the grievance process," but these are "only examples, not a closed list." *Id.* (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016)).

Vernell's explanation that staff did not process his appeal is insufficient to demonstrate that the grievance process was unavailable to him. First, nothing in the record demonstrates that the grievance in question would have exhausted the claims currently pending in this case. The exhibit Vernell references provides that staff failed to file a grievance concerning Correctional Officer Wilson. Wilson, however, was dismissed from the case at screening. It is not clear from the minimal information presented that this grievance had anything to do with the claims at issue here. Second, and more significantly, Vernell failed to provide any admissible evidence to support his argument. The court instructed Vernell that he had to submit evidence to oppose a motion for summary judgment on exhaustion grounds. (ECF No. 18 at 1.); *see also Bell v. Reusch*, 326 F. App'x 391, 393 (7th Cir. 2009) (prisoner opposing motion for summary judgment on exhaustion grounds must submit evidence, which includes affidavits, to support his assertions). Here, Vernell submitted multiple documents in opposition to the defendants' motion for summary judgment. (ECF Nos. 19-23). None of these documents, however, are admissible evidence because they were not properly notarized or signed under penalty of perjury. Vernell's unsworn brief in opposition is not admissible evidence. *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (affirming district court's grant of summary judgment on exhaustion grounds, partly because "the conclusory arguments in [the prisoner's] brief opposing summary judgment were not supported by admissible evidence"); *Gonzales v.*

9

*Brevard*, 531 F. Supp. 2d 1019, 1022 (W.D. Wis. 2008) ("[T]estimonial statements ... must be set forth in an affidavit that is properly notarized or in which statements are declared to be true under penalty of perjury ...."). Without any admissible evidence from Vernell, the court is therefore left with the defendants' undisputed facts showing that Vernell failed to properly exhaust his grievances because he failed to file any of the required appeals. The court is therefore constrained to find that Vernell failed to exhaust his administrative remedies and will grant the defendants' motion for summary judgment. *See Hurst v. Hantke*, 634 F.3d 409, 412 (7th Cir. 2011) ("Although warned by the district court that he had to meet the motion for summary judgment with evidence, the plaintiff presented none. And so he lost.").

## CONCLUSION

For the reasons stated above, the court finds that Vernell failed to exhaust his administrative remedies for the claims in this case. Therefore, the court grants the defendants' summary judgment motion on exhaustion grounds, and Vernell's case is dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (finding all exhaustion dismissals should be without prejudice). The court will accordingly deny Vernell's motion to appoint counsel, (ECF No. 37), as moot because the motion was filed well after the motion for summary judgment was fully briefed.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motion for summary judgment on exhaustion grounds (ECF No. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the defendants' motion to strike (ECF No. 34) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court **STRIKE** ECF Nos. 29, 30, 31, and 32.

**IT IS FURTHER ORDERED** that Vernell's motion to appoint counsel (ECF No. 37) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Vernell's motion for reconsideration (ECF No. 38) is **DENIED.**

The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion

11

under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 4th day of February, 2026.

STEPHEN DRIES
United States Magistrate Judge